G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
**MARTIN & BONTRAGER, APC**
4605 Lankershim Blvd., Suite 535
Toluca Lake, CA 91602
Telephone: (323) 940-1700
Fax: (323) 238-8095
tom@mblawapc.com
nick@mblawapc.com
Attorneys for Plaintiff
JULIE HART

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| JULIE HART, <br><br> Plaintiff, <br><br> vs. <br><br> NEWREZ LLC <br><br> Defendant | Case No.: 2:22-cv-1041 <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br><br> Unlimited Civil Jurisdiction |

**INTRODUCTION**

1. The United States Congress has found abundant evidence that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system. An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers. Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers. There is a need to insure that consumer reporting agencies and users of exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy. Congress wrote the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., to require that users of credit reports adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.

2. JULIE HART ("Plaintiff"), by her attorneys, bring this complaint to challenge NEWREZ LLC'S (hereinafter, "NewRez LLC" or "Defendant") unlawful credit inquiry.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety. Unless otherwise stated, all the conduct engaged in by Defendant took place in Montgomery County, Pennsylvania.

5. Any violation by Defendants was knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

6. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns,

principals, trustees, sureties, subrogees, representatives, and insurers of Defendants named.

7. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

8. Plaintiff is informed and believes and on that basis alleges that Defendants are responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants, or as their agents, servants, employees, and that each of them are legally liable to Plaintiff, as set forth below.

## JURISDICTION AND VENUE

9. The Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681.

10. Venue is proper in this district pursuant to 28 U.S.C. §1391(d) because Defendants are subject to personal jurisdiction in this district, maintain offices in this district, and the actions at issue took place in this district.

## PARTIES

11. Named Plaintiff JULIE HART is a natural person who resides in Cook County, Illinois.

12. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681(a).

13. Defendant NEWREZ LLC is a California limited liability company with its headquarters in Pasadena, CA.

14. NEWREZ LLC is and was, at all relevant times stated herein, engaged in the practice of furnishing consumer information to consumer reporting agencies, and are therefore "furnishers of information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b). NewRez LLC is a "person" as defined by the FCRA, Section 1681a(b).

## NATURE OF THE ACTION

15. The FCRA is a consumer protection statute which regulates the activities of credit reporting agencies and users of credit reports, and which provides certain rights to consumers affected by use of the collected information about them.

16. Congress designed the FCRA to preserve the consumer's right to privacy by safeguarding the confidentiality of the information maintained by the consumer reporting agencies. Congress stated in the opening section of the FCRA that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681a(4).

17. Under the FCRA, the term "consumer report" means any written, oral or other communication of any information by a consumer reporting agency hearing on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in the underwriting of credit transactions involving the consumer.

18. Congress has chosen to protect the consumer's right to privacy by prohibiting any release of consumer reports unless the release is for one of the permissible purposes listed in 15 U.S.C. § 1681b.

19. 15 U.S.C. § 1681b(f) in turn provides "[a] person shall not use or obtain a consumer report for any purpose unless — (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section."

20. The permissible purposes listed in 1681b and usually arise only in connection with transactions initiated by the consumer. See 15 U.S.C. § 1681b(a)(3)(A)(F).

21. In colloquial parlance, inquiries related to those transactions initiated by the consumer are known as "hard inquires" or "hard pulls." Hard pulls are visible to third parties who obtain a consumer credit report. In the present matter, NewRez LLC impermissibly pulled Plaintiff's credit report.

22. The sanctity and privacy of consumer credit reports is specifically protected by the Fair Credit Reporting Act, and violations of the cited sections have been identified by Congress, and by the courts, as concrete injuries.

23. Furthermore, Defendant's conduct has caused plaintiff emotional distress, humiliation and embarrassment, and apprehension that her most private financial information is now in the hands of persons he does not know and has never authorized to have his credit information.  Finally, "hard inquiries" or "hard pulls" such as the one Plaintiff was subjected to here routinely depress credit scores from 5 to 50 points, depending on the credit scoring model, thereby depressing Plaintiff's ability to obtain credit and also making her credit score more vulnerable to future adverse credit events.

## **FACTUAL ALLEGATIONS**

24. On or about January 12, 2022, NewRez LLC hard pulled Plaintiff's credit without her authorization.

25. On January 11, 2022, Plaintiff called New Rez LLC in response to solicitation to refinance her mortgage with them.  Plaintiff did not apply for a loan, nor did Plaintiff authorize her credit to be pulled. The representative Plaintiff spoke with said he would review Plaintiff's current mortgage and put a few options together for her and call her the next day.

26. To Plaintiff's great surprise, she was shocked to receive multiple alerts on January 12, 2022 that there had been a change to her FICO score.  Once Plaintiff logged into all 3 credit bureau reports, they showed that New Rez LLC had indeed done a hard credit inquiry. This immediately caused her credit scores with the three major credit bureaus to drop.

27. Plaintiff never authorized Defendant to pull her credit

28. Furthermore, none of the permissible purposes listed in 15 U.S.C. § 1681b applies to Plaintiff.

29. 15 U.S.C. § 1681b delineates the only permissible uses of, or access to, consumer reports, including "to use the information in connection with a credit

transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C. § 1681b(a)(3)(A).

30. NewRez LLC's inquiry for Plaintiff's consumer report information, without Plaintiff's consent falls outside the scope of any permissible use or access included in 15 U.S.C. § 1681b.

31. Therefore, NewRez LLC violated 15 U.S.C. § 1681b by using Plaintiff's consumer reports for an impermissible use that falls outside the scope of 15 U.S.C. § 1681b.

32. By the conduct alleged above, NewRez LLC willfully, and through the use of false pretenses, obtained Plaintiff's credit report without any permissible purpose in violation of the Fair Credit Reporting Act, Sections 1681b and 1681q.

33. NewRez LLC's actions were willful under 15 U.S.C. §§ 1681n because NewRez LLC was aware of the FCRA's prohibitions on impermissibly pulling consumer's credit reports.  See *Doe v. Sentech Employment Services, Inc.*, E.D. Mich. May 16, 2016) (citing *Singleton v. Domino's Pizza, LLC*, 2012 WL 245965, *4 (D. Md. Jan. 25, 2012) ("[A]ssertions that a defendant is aware of the FCRA, but failed to comply with its requirements, are sufficient to support an allegation of willfulness and to avoid dismissal.").

34. Plaintiff suffered an invasion of a legally protected interest when NewRez LLC accessed his highly confidential personal information on his credit report at a time when it had no right to do so, leading to an invasion of Plaintiff's right to privacy.  The FCRA, through 15 U.S.C. § 1681b, protects consumers like Plaintiff from this precise behavior.

35. Plaintiff has a common law right to keep his personal credit information private. E.g., Samuel D. Warren & Louis D. Brandeis, The Right to Privacy, 4 Harv. L. Rev. 1155, 193 (1890).  Congress sought to further protect that right by enacting the FCRA.  Indeed, the common law tort of intrusion upon seclusion is preempted by the FCRA, and the FCRA expressly provides that Congress made the following finding:

"There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality and a respect for the consumer's right to privacy." 15 U.S.C. §1681a(4) (emphasis added).

36. Plaintiff was affected personally because Plaintiff felt that her privacy had been invaded and that her personal and private information had been disclosed to NewRez LLC, who had no right to Plaintiff's private information. NewRez LLC's behavior caused Plaintiff to suffer mental and emotional distress as a result of NewRez LLC's invasion of Plaintiff's privacy.

37. The injury suffered by Plaintiff is concrete because NewRez LLC's violation of 15 U.S.C. § 1681b caused Plaintiff to suffer by and through its invasion of Plaintiff's privacy. In enacting 15 U.S.C. § 1681b, Congress specifically sought to protect consumers from invasions of privacy and created restrictions on access to consumers' sensitive financial information in their credit reports.

38. Further, Defendant increased the risk that Plaintiff will be injured if there is a data breach on Defendant's computer systems by acquiring additional highly sensitive information about Plaintiff and saving that information onto its computer system. Data breaches are increasingly common (see, e.g., Data Breaches, Kerbs, available at http://krebsonsecurity.com/category/data-breaches.

39. As a direct result of Defendant's conduct, Plaintiff has suffered emotional distress, humiliation and embarrassment. Plaintiff is thus entitled to both general and special damages according to proof.

40. Defendant's conduct was fraudulent, malicious, oppressive and willful, rendering them liable for punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. §1681(n) and §1681(o).

## FIRST CAUSE OF ACTION
### [15 U.S.C. §1681Q]
### OBTAINING CONSUMER INFORMATION UNDER FALSE PRETENSES
**(Against Defendant NewRez LLC)**

41. Plaintiff realleges and incorporate by this reference, as though set forth herein, the prior paragraphs of this complaint.

42. Defendant NewRez LLC pulled Plaintiff's credit history under false pretenses, because there was no valid reason for NewRez LLC to perform hard credit checks without authorization.

43. NewRez LLC violated the FCRA by knowingly and willfully procuring information on Plaintiff under false pretenses. 15 18 U.S.C. §1681q.

44. NewRez LLC acted knowingly and willfully. NewRez LLC's willful conduct is reflected by the facts that:

(a) The FCRA was enacted in 1970; NewRez LLC has had over 50 years to become compliant;

(b) NewRez LLC violated a clear statutory mandate set forth in 15 U.S.C. §1681q;

(c) NewRez LLC knew the difference between a hard credit inquiry and a soft credit inquiry;

(d) NewRez LLC knows that a hard credit inquiry reduces a consumer's credit score;

(e) NewRez LLC systematically procured consumer information without permissible purposes despite myriad statutory text and guidance.

(f) By adopting such a policy, NewRez LLC voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless;

(g) NewRez LLC knows that it hard-pulled Plaintiff's credit without her authorization;

45. Plaintiff is entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A). Plaintiff is also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2). Plaintiff is further entitled to recover his costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## SECOND CAUSE OF ACTION
## [15 U.S.C. §1681B(F)]
## OBTAINING CONSUMER REPORTS WITHOUT A PERMISSIBLE PURPOSE
### (Against Defendant NewRez LLC)

46. Plaintiff realleges and incorporates by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

47. Plaintiff did not authorize NewRez LLC to hard pull her credit report.

48. NewRez LLC lacked a permissible purpose to obtain a full credit report for Plaintiff.

49. NewRez LLC violated the FCRA by willfully procuring consumer reports on Plaintiff without a permissible purpose. *See 15* U.S.C. §1681b(f).

50. NewRez LLC acted knowingly or recklessly. Defendant's willful conduct is reflected by, among other things:

(a) The FCRA was enacted in 1970; NewRez LLC has had over 50 years to become compliant;

(b) NewRez LLC violated a clear statutory mandate set forth in 15 U.S.C. §1681b(f);

(c) NewRez LLC knew the difference between a hard credit inquiry and a soft credit inquiry;

(d) NewRez LLC knows that a hard credit inquiry reduces a consumer's credit score;

(e) NewRez LLC systematically procured consumer information without permissible purposes despite myriad statutory text and guidance.

(f) By adopting such a policy, McGrath Coty Honda voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless;

(g) NewRez LLC knows that it hard pulled Plaintiff's credit without her authorization;

51.  Plaintiff is entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(I)(A).  Plaintiff is also entitled to punitive damages for these violations, pursuant to 15 U.S.C. § 1681n(a)(2).  Plaintiff is further entitled to recover his costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

(a)  Awarding statutory damages, actual damages and punitive damages as provided by the FCRA;

(b)  Reasonable attorneys' fees and costs incurred by Plaintiff in the prosecution of this action pursuant to the FCRA;

(c)  Pre- and post-judgment interest at the maximum legal rate of interest for each item of damages listed above; and

(d)  Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury.

Dated:  February 15, 2022          RESPECTFULLY SUBMITTED,

**MARTIN & BONTRAGER, APC**

By: /s/ G. Thomas Martin, III
G. Thomas Martin, III, Esq.
Tom@mblawapc.com
Nicholas J. Bontrager, Esq.
Nick@mblawapc.com
4605 Lankershim Blvd., Suite 535
Toluca Lake, CA 91602
T: (323) 940-1700
F: (323) 238-8095
*Attorneys for Plaintiff*